IN RE the APPOINTMENT OF COUNSEL IN STATE v.
Michael P. VIOLI:

STATE PUBLIC DEFENDER, Appellant,

v.

CIRCUIT COURT FOR MARINETTE COUNTY and the Hon.
Dee R. Dyer, Respondents.

Court of Appeals

*No. 92-1307-CR. Submitted on briefs October 12,
1992.—Decided November 10, 1992.*

(Also reported in 493 N.W.2d 232.)

On behalf of the appellant, the cause was submitted on the brief of *Mark Lukoff*, first assistant state public defender.

No brief was filed on behalf of the respondents.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   The state public defender appeals the circuit court order appointing it as counsel for Michael P. Violi. The public defender argues that Violi does not meet its "indigent" criteria and that rare and unusual circumstances necessitating its appointment as counsel are not present. We agree and reverse the circuit court's order.

Violi was charged in a criminal complaint with one count of first-degree sexual assault. After his first appearance, Violi contacted the public defender's office in Marinette and requested counsel. The public defender determined that Violi was neither indigent nor partially indigent and therefore refused to represent him. Violi requested a court review of that determination.

At the review hearing, Violi testified that he had contacted some attorneys and could not afford one. The court determined that Violi was not indigent and ordered him to contact other attorneys and to contact banks regarding a loan to cover his trial expenses. At a second review hearing, Violi related that he could not get a loan and could not afford the retainer fees quoted to him by seven attorneys, but stated that he could afford to pay $100 per month to an attorney. The public defender was neither notified of nor present at these hearings. The court ruled:

> I do find that you are partially indigent but certainly not indigent under the guidelines of the Public Defender's office. I find that . . . you can . . . make a payment of one hundred dollars per month. I'm going to order the State Public Defender's office to represent you . . . and . . . you should begin making payments of a hundred dollars per month to the Public Defender's office.

When the public defender received this order, it asked the court to clarify whether the court was finding Violi partially indigent under the public defender standards or was, because of unusual circumstances, ordering it to represent Violi even though he was not indigent or partially indigent. The court acknowledged that Violi was not partially indigent under public defender standards, but stated that under *State ex rel. Chiarkas v.*

345

*Skow*, 160 Wis. 2d 123, 139, 465 N.W.2d 625, 631 (1991), it could appoint the public defender to represent clients who do not qualify under the public defender indigency standards when no other reasonable alternative is available.[1] The circuit judge's reasoning was that he was from Outagamie County, sitting in Marinette County on assignment, and he was unfamiliar with the skills and abilities of local criminal defense counsel. Therefore, the court ordered the public defender to represent Violi. The public defender appealed this order. The sole issue this court decides on appeal is whether the trial court properly appointed the public defender even though Violi was neither indigent nor partially indigent.

A circuit court has the discretion to appoint counsel for a defendant in a criminal case under its inherent authority. *In re Contempt in State v. Lehman*, 137 Wis. 2d 65, 76, 403 N.W.2d 438, 443-44 (1987). An appellate court will sustain a discretionary act if the trial court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175, 184 (1982).

The public defender's office has standards to determine whether a defendant qualifies as indigent or partially indigent and is therefore eligible to be represented by the public defender. Wis. Admin. Code § SPD 3. Attorneys working for the public defender are not

---

[1] *Skow* also states that courts may appoint the public defender to represent a defendant who does not meet the public defender standards only in "rare and unusual circumstances." *Id.* at 138, 465 N.W.2d at 630. We construe rare and unusual circumstances to mean when no other reasonable alternative is available.

exempted from representing non-indigent individuals solely by virtue of their position with the public defender should the court elect to appoint counsel. *Skow*, 160 Wis. 2d at 138, 465 N.W.2d at 630. However, the trial court may only appoint the public defender to represent non-indigent individuals when no other reasonable alternative is available, and it explicitly states the basis upon which the appointment was found necessary. *Id.* at 139, 465 N.W.2d at 631. As an example, *Skow* recognized the situation where no other counsel may be available and therefore the trial court could appoint the public defender to represent a non-indigent individual in the interest of efficiency and in furtherance of its judicial purposes. *Id.*

Additionally, *Skow* states that "[b]ecause the State Public Defender has been created to represent indigent individuals, and any representation of non-indigent individuals diminishes the State Public Defender's ability to fulfill that legislative goal, the circuit court should appoint counsel from the private bar as a matter of general practice."[2] *Id.* at 138-39, 465 N.W.2d at 630-31. The *Skow* court further ruled that in the event the circuit court is required to appoint private counsel or the public defender to represent a non-indigent individual, the responsibility for payment rests with the county. *Id.* at 139-40, 465 N.W.2d at 631.

Here, the trial court was not faced with a situation where no other reasonable alternative was available. Necessity did not require it to name the public defender

---

[2] We note that several members of the private bar are listed as attorneys who may be appointed by the state public defender. Inclusion on this list does not preclude one from being named by the court directly even in the absence of rare and unusual circumstances.

or order the public defender to name counsel for the defendant. The circuit court's rationale for doing so was its unfamiliarity with the local bar. This reason is insufficient as other reasonable alternatives were available. The court could take simple steps to ascertain the names of members of the local private bar available to accept appointment. The public defender's office itself could provide the court with a list of private attorneys available to accept appointment. *See* note 2, *supra.* Because reasonable alternatives were available, the trial court could not appoint the public defender.

*By the Court.*—Order reversed and cause remanded.